# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFRY D. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-12-78-FHS-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Jeffry D. Johnson requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.*

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is deemed disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on February 18, 1966, and was forty-five years old at the time of the administrative hearing (Tr. 26). He has a high school education and past relevant work as a security guard and pallet stacker (Tr. 45). The claimant alleges he has been unable to work since November 13, 2009, because of a back injury causing extreme pain and nerve pain (Tr. 131).

## Procedural History

On December 1, 2009, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 (Tr. 12). The Commissioner denied his application. Following an administrative hearing, ALJ John W. Belcher found that the claimant was not disabled in a written opinion dated April 22, 2011 (Tr. 12-19). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at steps four and five of the sequential evaluation. He found that the claimant retained the residual functional capacity ("RFC") to perform light work, 20 C.F.R. § 404.1567(b), limited to occasional bending or stooping and frequent climbing, balancing, kneeling, crouching, and crawling (Tr. 16), and that he was therefore not disabled, as he could return to his past relevant work as a pallet stacker (Tr. 18). The ALJ found in the alternative that there was other work the claimant could perform, *i. e.*, hand packer, cashier-cafeteria, and assembly worker (Tr. 18-19), and was therefore not disabled for that reason as well (Tr. 19).

## Review

The claimant contends that the ALJ erred: (i) by failing to analyze the impact of his obesity; (ii) by failing to properly analyze his RFC; and, (iii) by failing to properly analyze his credibility. None of these contentions is persuasive, and the decision of Commissioner should therefore be affirmed.

The record reveals that the claimant's medical treatment occurred primarily at WW Hastings Indian Hospital. The claimant regularly complained of low back pain which he described as sharp with radiation into the left leg (Tr. 213, 216, 219, 223, 228, 232, 235, 239, 264, 310, 315). An MRI performed on his lumbar spine was performed on January 6, 2010, and the results indicated disc desiccation at L4-L5 and broad-based disk bulges at T11-T12, L3-L4, and L5-S1 (Tr. 257). The impression based on the MRI was

spondylotic changes, most pronounced at L4-L5 with mild central canal and bilateral neural foraminal narrowing (Tr. 257). On February 1, 2010, Nurse Practitioner Sherri Trammel examined the claimant and reported that the claimant's back pain was reported as sharp, constant, and made worse with walking, sitting, and lying on his back (Tr. 242). Upon examination, Ms. Trammel noted that the claimant had pain in his left leg on straight leg raising test at 70 degrees (Tr. 242).

State agency physician Dr. Kenneth Wainner, M.D. reviewed the claimant's records and completed a Residual Physical Functional Capacity Assessment on July 19, 2010 (Tr. 292-99). Dr. Wainner opined that the claimant was capable of occasionally lifting and carrying up to 20 pounds, frequently lifting and carrying up to 10 pounds, standing and walking for six hours in an eight hour workday, and sitting for six hours in an eight hour workday (Tr. 293). Dr. Wainner also found that the claimant was limited to frequent climbing ramps, stairs, ladders, ropes, and scaffolds, balancing, stooping, crouching, and crawling (Tr. 294). Dr. Wainner further found that the claimant should only occasionally kneel (Tr. 294).

On November 3, 2010, the claimant was referred to the Orthopaedic Center at WW Hastings Indian Hospital, where he was examined by Dr. Jean Bernard, M.D. (Tr. 300-01). Dr. Bernard's physical examination revealed that the claimant had significant severe scarring on his back, which was the result of a past motorcycle accident, and her impression was low back pain (Tr. 301). Dr. Bernard decided to prescribe Lortab for the claimant, and wrote that if there was no improvement in the claimant's pain level, he

would be scheduled for injection therapy in one month (Tr. 301). In December 2010, Dr. Bernard wrote that she would be initiating lumbar epidural steroid injection procedures, and his pain medication was changed from Lortab to Percocet (Tr. 320).

The claimant testified at the administrative hearing that he had not yet received lumbar epidural steroid injection therapy for his back pain (Tr. 35). He stated that he had stopped working as a security officer at a Cherokee casino, because the pain had gotten worse and was affecting his thinking and concentration (Tr. 38). He testified that he has back pain at all times but that his the leg pain and numbness and tingling in his feet and toes comes and goes (Tr. 40). The claimant related that he was capable of sitting for "maybe 20 minutes" at a time before the pain causes him to feel that he needs to stand (Tr. 42). The claimant stated that he lies down on his stomach while crossing his left leg over his right leg to relieve some of his back pain (Tr. 42).

The claimant first contends that the ALJ failed to properly consider the effect of his obesity on his ability to work. But the claimant failed to raise obesity as a severe impairment in both his application for benefits and at the administrative hearing. The ALJ did not find that the claimant's obesity was a severe impairment at step two. Further, the claimant "points to no evidence in the medical record (or in [his] hearing testimony for that matter), showing that [his] obesity exacerbated [his] other impairments." *Callicoatt v. Astrue*, 296 Fed. Appx. 700, 702 (10th Cir. 2008) ("Without some evidence that her obesity was relevant to her other alleged impairments during the relevant time frame, the ALJ was not required to consider the claimant's obesity.")

[unpublished opinion].  Thus, the ALJ did not err in analyzing the impact of claimant's obesity on his RFC at step four.

The claimant next contends that the ALJ failed to properly analyze his RFC, *i. e.*, the ALJ made erroneous vocational findings as to the claimant's past relevant work as a pallet stacker that affected the remainder of his RFC determination.  But while the ALJ's characterization of the claimant's past work as a pallet stacker as light work *was* made in error, *i. e.*, the vocational expert testified that the job was in the category of medium exertion, such error was harmless because the ALJ made alternative findings at step five that there was other work the claimant could perform, *i. e.*, hand packer, cashier-cafeteria, and assembly worker (Tr. 18-19).

Finally, the claimant argues that the ALJ erred in his credibility analysis.  A credibility determination is entitled to deference unless the ALJ misread the medical evidence taken as a whole.  *Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 801 (10th Cir. 1991).  But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted].  A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

In this case, the ALJ summarized the claimant's testimony and determined that his "statements concerning the intensity, persistence, and limiting effects of his symptoms

[were] not credible to the extent they are inconsistent with the . . . residual functional capacity assessment" (Tr. 16).  The Court has disapproved this language in the past, as it suggests an improper approach to the process, *i. e.*, assignment of an RFC and subsequent measurement of claimant credibility against the RFC, rather than initial evaluation of the claimant's credibility (along with other evidence in the case) and subsequent formulation of an appropriate RFC based thereon.  *See, e. g., McFerran v. Astrue,* 2011 WL 3648222, *2-*3 (10th Cir. Aug. 19, 2011) ("The ALJ's ultimate credibility determination is a singularly unhelpful sentence: '[T]he claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment.' . . . The ALJ's errors in the credibility assessment necessarily affect the RFC determination."), [unpublished opinion], *quoting Poppa v. Astrue,* 569 F.3d 1167, 1169 (10th Cir. 2009).  But the ALJ in this case then elaborated by discussing the medical evidence on which he relied to find that the claimant was not credible, *i. e.*, the claimant could move his extremities well, and had normal range of motion, gait, and posture.  The ALJ also noted that upon examination, the claimant had no problems getting on and off the examination table, and he ambulated without difficulty.  Finally, the ALJ cited the claimant's treating physician records, noting that the records did not substantiate the degree of pain the claimant alleged (Tr. 17).  Thus, the ALJ linked his credibility determination to the evidence as required by *Kepler*, and provided specific reasons for the determination in accordance with *Hardman*.  His credibility determination was therefore not clearly erroneous.

In summary, the claimant's contentions of error are all unpersuasive. The Court should therefore affirm decision of the Commissioner.

**Conclusion**

The undersigned Magistrate Judge finds that correct legal standards were applied by the ALJ, and the decision of the Commissioner is therefore supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be AFFIRMED by the Court. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 13th day of September, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma